DAVID SCHWARTZ *vs.* PATRICK J. FLAHERTY, Appl't.

99   463
100   425

Cumberland.    Opinion February 3, 1905.

*Appeal.   Trustee Disclosure.   Practice.   R. S. 1903, c. 88, § 30.*

After a default, an appeal does not lie and should not be allowed.

An appeal does not lie from a judgment charging a trustee, unless the case discloses that an issue was joined upon the disclosure of the trustee.

A trustee disclosure is taken to be true with respect to the amount with which the trustee should be charged and judgment upon it is conclusive upon the plaintiff and the defendant. If either of the parties desire to contest the truth of the disclosure, they should do so at the proper time by alleging and proving facts to the contrary.

Exceptions by defendant.    Overruled.

Assumpsit.

The case sufficiently appears in the opinion.

*Samuel L. Bates,* for plaintiff.

*Dennis E. Meaher,* for defendant.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

SPEAR, J.   This was an action of assumpsit for rent, entered in the Municipal Court for the City of Portland, December 29th, 1903. The plaintiff and the defendant both entered an appearance.   January 5th, 1904, the trustee named in the writ was charged and the case continued one week by consent of counsel.   January 12th the defendant was defaulted, and judgment for debt and costs entered against him.   After these proceedings the defendant claimed an appeal from the judgment to the February term of the Superior Court, and the appeal was allowed and duly entered.   The plaintiff's attorney filed a motion to dismiss the appeal from the docket of the Superior Court and the judge sustained the motion and ordered the case dismissed. To this ruling the defendant duly excepted.

The ruling was correct. After default an appeal does not lie and should not have been allowed. *Harris* v. *Hutchins*, 28 Maine, 102; *Thompson* v. *Perkins*, 57 Maine, 290.

But the defendant claims that he had the right of appeal from the judgment charging the trustee. The case does not disclose that any issue was joined upon the disclosure of the trustee. The record shows that the "trustee files a written disclosure and presents itself in court for further examination. Trustee charged for $29.25 less its costs, taxed at $3.75." R. S. 1903, chapter 88, sec. 30, provides, "the answers and statements sworn to by a trustee shall be deemed true, in deciding how far he is chargeable, until the contrary is proved, but the plaintiff, defendant and trustee may allege and prove any facts material in deciding that question." In this case no allegations were filed, and consequently no issue whatever was raised. The disclosure under the pleadings is taken to be true with respect to the amount for which the trustee should be charged, and judgment upon it is conclusive upon the plaintiff and defendant.

If either of the parties desired to contest the truth of the disclosure they should have done so at the proper time by alleging and proving facts to the contrary.

Had they done so an issue might have been joined upon which an appeal would lie from a judgment charging the trustee as in *Richards* v. *Allen & Russell*, Trustee, 8 Pickering, 405. In this case, after the trustee had answered he was adjudged trustee by the court, and by agreement an auditor was appointed to ascertain and report the amount with which the trustee should be charged. At a subsequent term of court, the auditor having made no report, the trustee by leave of court made an additional answer, and was then adjudged to be trustee. From this judgment the trustee appealed. Upon this state of facts the court said, "it is moved to dismiss this appeal on the ground that no issue was joined at the Court of Common Pleas; but we are of the opinion that the allegations of the plaintiff that there were goods, effects, etc., deposited with the respondent and his denial constitute an issue within the intent of the legislature."

In the case at bar however the trustee was charged with having in his custody goods, effects, etc., of the defendant to the amount of

$29.25 upon a disclosure which the statute says shall be deemed to be true, and the defendant made no objection whatever and must be held to have consented to its truth.

*Exceptions overruled.*